Good morning. First case on our call this morning is Agenda No. 11, Case No. 107555, People of the State of Illinois ex rel. Joseph E. Birkett, State's Attorney of DuPage County v. the Honorable Peter J. Dockery, Judge of the 18th Judicial Circuit. Counsel, you may proceed. Good morning. May it please the Court, Counsel, my name is Joe Birkett, DuPage County State's Attorney. With me here today is Cynthia Snyder from the State's Attorney Appellate Prosecutor's Office as well as Lisa Hoffman, Assistant State's Attorney in Charge of Appeals in my office. In this case, Judge Dockery granted the defendant's request for a six-person jury over the State's the clear language of the Code of Criminal Procedure 725 ILCS 5-115-4 that the jury shall consist of 12 members, and also did so in the absence of any authority to allow a jury of less than 12 without the consent or agreement of the State. The law in the State of Illinois is clear. The right to waive a jury of 12 is not absolute. It is subject to procedural conditions including an agreement of the State. Absent that agreement, Judge Dockery had no discretion. Under the law, Judge Dockery at that point had the obligation, the duty to perform the ministerial act of impaneling a jury of 12 according to law. This Court should therefore issue a writ of mandamus commanding Judge Dockery to do just that. In Illinois, both in our Constitution and in our statutes, we have decided that it is desirable to spread the responsibility of determining guilt over a group of 12 persons, not six. Are there cases in Illinois that have held that less than 12 members are okay? Yes, Justice Freeman, there have been cases, but only with the agreement of the parties, only with the agreement of the State, and there is no dispute. Cases from every district have said that. The first district, People v. Chandler, the second district, People v. Johnson and others, the third district, People v. Ernst. The right to a jury belongs to the defendant? Correct, Your Honor. And he can waive that right? Yes. He cannot waive less than 12? He can do so, but only with the agreement of the people and concurrence from the Court. And that was the rule when the 1970 Constitution was enacted. That's the rule cited in People v. Scuderi, which is still good law and is the law of the land and has been followed in every district in this case, including People v. Ernst, where the precise question was, does the defendant have the right to waive a jury of less than 12 members without the agreement of the people? And the answer to that question is a resounding no. At the trial level... Mr. Burkett, can the judge, even in the face of that agreement, does the judge still have discretion not to grant the request if the State and the defendant agree on less than 12? Spiegel is a case that speaks to that. Spiegel is a case, a 1955 case, the Illinois Supreme Court's decision in that case, which overruled Scornavacci. In that case, the defendant was accused of rape and murder of a child. And the defendant sought to waive a jury, and the people agreed. Yet, on two occasions, the court overruled that attempt to waive. And the court said, again, it's a slightly different issue as to whether or not the court should have accepted the waiver. This court said that it was improper to not allow the defendant to waive in that case. And the court said that, with reference to that issue, none of these cases, and you talked about the authority of the court and where the court does have authority in governing the selection process and juries, none of these cases, however, go so far as to assert an inherent power in the judiciary to override the choice of the parties in determining whether a particular case is to be tried by a jury or by the court, or to override the determination by the legislature as to the method of trial employed where a time a jury trial was not required by the Constitution, the defendant had the right to waive and ask for a bench trial. And the court cannot override it. So I believe that that partially answers the question. Of course, that question is not before the court. Would it be an abuse of discretion for a court to deny the agreement to the parties to proceed with a jury of less than 12? I would suggest the answer to that question is probably yes, because it's the parties who should determine the composition in terms of the number of jurors, not the court. The judiciary, as I mentioned, does not have the inherent power to override the legislature. And Spiegel speaks to that. Reliance on the committee comments, as the court and the Respondent did, there isn't. The court said, or the committee comments are just for guidance. They're persuasive authority. But they support our position, because the committee comments said that there was no intent to lessen or abrogate the right in subsection B, which says that a jury of so consists of 12 members. And they cited Scuderi, which was the law in 1970, is still the law. And again, there's no dispute among the districts. With respect to Scuderi, Judge Dackery kept referring to the language of the requirement of an agreement in Scuderi in concurrence with the court as dicta. However, if you read the holding, it's absolutely abundantly clear that the court was talking about a proper waiver and what's necessary for a proper waiver. The court said, it must follow that if the laws of the state permitted defendants in a criminal case to stipulate a waiver of his right to trial by an entire jury, he may also with equal effect waive one or more jurors and enter into a stipulation with the people whereby he and the people with the trial court agree and consent to the trial proceeding with a jury composed of less than 12 men. That is the rule of Scuderi. That is the rule that's been followed by every district in this court. And Judge Dackery referred to it as dicta. But it's clear, isn't it, counsel, that if a defendant in a criminal case chooses to waive a jury, the state has no ability to prevent that? Correct, Your Honor. So how is that different from this situation? Justice Garmon, in People Actual Daly v. Joyce, this court said that the defendant has an absolute right to waive and looked at the historical practice and historical, the history of the right, that inherent in the right to a trial by jury is the right to waive a trial by jury. And this is not affected by the position that we've taken. The right to waive a jury is the right to waive a jury. But the people, as this court has acknowledged, we have an interest in the selection of a fair and impartial jury. In every case, not just capital cases as the respondent would have you believe, but in every case, we have a right to a saying in the composition of a jury. We have no right to dictate whether or not a defendant waives a jury and opts for a bench trial. We also have no right, as the defendant has no right, to choose the judge who will hear his case to dictate the number of peremptory challenges he shall have. And that's exactly what was taking place in this case. The defendant, and it's clear from the record, he wanted to have, instead of .58 challenges per seat on that jury, he wanted to have double that number, 1.16. And it's clear from the record that was what motivated him here. That can't be tolerated by this court. Mr. Burkett, how would it work out if a case was submitted to the jury and a juror becomes unavailable and it's a situation where the judge is forced to ask the defendant, are you willing to proceed with less than 12 jurors? And the defendant says, yes, I am. Can the state then veto that even after the trial? Under the case law, under the current existing case law, the people could say, we object. We prefer to have a jury of 12. So the state in that case could make a determination whether they felt the case went well or didn't go well. Well, of course, those are all factors that are not before this court. But I would ask the court to look at the history of this right and what has taken place over the years. The reason in 1985 you provided and the General Assembly provided for the selection of alternates was this precise problem. The right of a jury, the right of the defendant to a jury of 12. And to not get involved in these issues so that you have alternates available. Now there are cases and these are found in every district where these problems are encountered where a judge, for example, the name of the case I'll have in a moment here, but the cases where a judge says both parties agree to waive alternates in people versus barrier, third district case from 2005, the defendant, through his attorney, said yes, we'll waive alternates. And of course, one of the jurors fell ill and they had to proceed with 11, but the defendant was silent. The court said the defendant was silent when the quote, unquote, agreement was entered into the record. And the agreement was not an agreement with the court. The agreement was with the state. The court sought the assurance from the state that they had no objection and the assurances from the defense counsel that they had no objection and they proceeded with the case. That's why we have alternates, to address those questions. And it's a mistake not to select alternates in virtually any case, but especially when the stakes are high, like this case. The existence of alternates are, same reasoning would apply in a six-member jury, wouldn't it? Again, That doesn't add to the reason why we should have a 12-member jury. The reason why you amended the rules was to avoid these problems and provided for alternates is to avoid these problems so you don't interfere with the defendant's right to a jury of 12. And that's why we have alternates. And you are correct, Justice Freeman, that we, of course, in a jury of six, where there's an agreement of the parties, then the court will provide for the selection of alternates. The point of the matter is that Judge Dockery, who I have great respect for, he completely misread Scuderi in all of the cases, including Ernst, where the precise question was, does the defendant have the right over the state's objection to insist on a partial jury waiver? The court said no. The court said the power to waive does not give rights to the power to dictate the number of jurors. Now somehow, you know, Mr. Jacobs, who was representing the defendant at the trial level, who I have great respect for, also misread Ernst and suggested to the court that Ernst says, quote, the court has the discretion to allow my client to have a jury of less than 12. That's not what Ernst says. No case says that. There is no authority for this. The trial record, again, I would urge the court to look at the trial record. These situations, the court misinterpreted all of these cases and said these situations deal with situations where the defendant was bound by his agreement, but they do not hold that the defendant was not entitled to a jury of less than 12 if the state did not agree. Well, you only get to a jury of less than 12 if the state does agree. All those cases were evaluating whether or not there had been a proper waiver, and every single one of those cases referred to the rule in Scuderi that there had been an agreement by the state and the defendant, and therefore there's a proper waiver. Where there is not, as in Matthews, where it was not clear on the record that the defendant understood his right to a jury of 12, that case was reversed. The word discretion is found nowhere in Ernst. It's found nowhere in these cases. The court does not have the discretion to allow for a jury of six, absent an agreement from the state. The agreement means an understanding with the state. It doesn't mean a unilateral choice of the defendant or some kind of an agreement with the court where the court says, would you like a jury of six or 12 or seven or eight? It's a jury of 12 persons. That's the statute and that the underpinnings of our constitutional right to a jury trial in Illinois is a jury of 12, and that decision is up to the legislature, and I would urge this court to follow Williams v. Florida. The cases clearly, not just in Illinois but across the country, reflect the fact that that decision is left to the legislature. How many jurors will sit in criminal cases is a decision for the legislature and for the framers of our Constitution. Judge Dockery, in misreading Ernst, said that the case only holds that denying the state's request is not reversible error. Well, maybe Ernst, the appellate court could have been more precise or stronger, but they said it was not reversible error. To do otherwise would be error. As all of these cases suggest, Judge Dockery completely misread. He also, in his reading the case, simply ignores the rational analysis on a historical precedent that the court in Ernst discussed. They said the ability to waive does not give rise to the power to dictate the number of jurors. They said that the defendants initially, his argument had some appeal. However, they rejected it, that it does not withstand closer scrutiny. I suggest to the court that the defendant's position here, the respondent's position here, does not withstand closer scrutiny. The law, and this is an important point, this court said in People Expelled Daily v. Joyce that the law at the time the Constitution was passed in 1970 was an amalgam of common law, preceding state constitutions, and the rulings of this court. Scuderi was the law. Joyce supports our position, People Expelled Daily v. Joyce. The composition of the jury, again, this is an important point as well. As this court recently said in the Marker case, the truth-seeking function of a trial deserves to be given precedence. Justice belongs not only to the defendant, but to the people as well. The composition of a jury is important to the people of the state of Illinois. That's why the Illinois General Assembly said a jury shall consist of 12 members. That's why the framers of our 1970 Constitution said that the right to trial by jury heretofore enjoyed shall remain inviolate, and it should not be tampered with by any judge in any courtroom absent an agreement of the people. The state has the same right to the number of preemptory challenges. That reflects the fact we do have an interest in the selection process, not just the number of jurors, but the selection. We have a right to challenge jurors for cause. The people are an interested party. We are not bystanders in this process. And I would suggest to the court to deprive the party, any party, whether it's a civil case or a criminal case, in this case the people of the state of Illinois, to a voice in the composition of the jury violates the rules that have been in place for well over 100 years. And as case after case suggests, as you diminish the number of jurors, you threaten the very fabric of a healthy exchange of ideas. The fair cross-section requirement. Smaller juries threaten constitutional principles that led to the establishment of the size thresholds. That's in a case the defendant cited, Birch v. Louisiana. You double the number of preemptory challenges, leading to the grave possibility you're going to have error in the record and an impartial jury selected. We suggest to the court mandamus is necessary in order to avoid disorder and there are no provisions anywhere in our law, in the rules of this court, in our statutory or the code of criminal procedure, or in the common law for this circumstance, except for the rule in Scuderi, where both parties in interest have a say in whether or not we will agree to a jury of less than 12. The rule, keep in mind, developed as a rule of judicial economy to address situations where your intent is to select a jury of 12, but because of some unforeseen circumstance, you end up with a jury of 10 or 11. And then the court and the parties discuss it and decide whether or not you're going to wait. And uphold the defendant's right to have his trial determined in the first trial, have his guilt or innocence determined in the first trial, in only one trial. And that's how that rule developed. It has nothing to do with some inherent right of the defendant to waive the number or the court's discretion to allow him to waive the number. That's a rule of judicial convenience. And I would ask the court to take a look at Federal Rule of Criminal Procedure, Rule 23, which has been upheld as constitutional under our federal constitution, which also requires an agreement from the state if you're going to proceed to a jury of less than 12. Again, mandamus is necessary in order to avoid disorder and confusion. We respectfully request that this court is to rid of mandamus and command Judge Dockery to vacate his order, granting the defense request for a jury of less than 12, and promptly impanel a jury of 12 jurors to hear this case. I'd be happy to answer any other questions. It seems to me that bar associations throughout the state's attorney's office, and I think your office probably has been one of those at the leadership of trying to make a more efficient judiciary, impacting rules that are passed, to move cases along in an ever-loaded criminal justice system. This seems to be at odds with that move. Why not allow? I don't understand your position in opposing a six-man jury. Maybe I'm wrong, but I think that that would cause trials, if there were six-man juries, to move faster, be more efficient, the system could move and dispose of more cases. Justice Freeman, there have been cases where we have, under my, obviously, all of my assistants walk in my shoes. And in traffic cases, DUI cases where the parties agree, the defendant does not want a judge or that particular judge, for whatever reason, to hear his or her case. And so he will discuss with the state, would you be willing to waive a jury of 12 and select six? As the court said, the United States Supreme Court said in Williams v. Florida, you know, the number of jurors should be up to the legislature, or on a federal level, up to Congress. I don't disagree with the court that there are some, there's some appeal to it. However, when you start doing that, it should be done through a process, through the legislature. And there should be rules that guide it. And it should be limited, very limited, as the cases that Bellew v. Georgia, the case that's cited by the defendant in their brief, and the Birch case, both talk about, as you reduce the number of jurors, you go, you really threaten the heart of the jury system. And our legislature has determined that the best results are achieved with a jury of 12. And the reason we've objected is because that is the law. The Code of Criminal Procedure, Section 115-4B, says a jury shall consist of 12 members. And historically, the only cases, and there has been only one case in our jurisdiction where a judge overrode it. And I was not there, otherwise we would have been here on this case. I was not advised of it. I take this very seriously. And I agree with the court. I'm willing to assist this court. I would encourage the court to take a look at Federal Rule 23 and determine whether or not, in your rulemaking authority, you want to codify the principles in Scuderi and encourage the use of a lesser number in appropriate cases. I don't think it should be allowed in any felony case. I do not believe it should be allowed in any felony case ever. Do you agree, Mr. Burkett, with counsel's representation in our brief that statistics prove, and I guess if you do, it goes to what you just said to Justice Freeman, that statistics show that jurors with lesser numbers are more likely to convict? There's a, you know, those are arguments that are cited in those Supreme Court cases in Bellow and in Church. And I don't disagree with it. I do think, and I do believe, in this case, obviously, our objection was based not just on the number, but also the fact that the defendant is going to get, you know, 1.16 bumps for every potential juror. And I also agree with the analysis that a jury of six threatens the underpinnings of the right to a jury trial. And under the cases cited by the respondent in their brief, they acknowledge that. And they also acknowledge that you can have a jury of six, but it must be unanimous. Juries of five don't cut it under the Constitution. So this is a very important point. And I think that we should not go there. Thank you, Counsel. Good morning, Your Honors, Counsel. May it please the Court, my name is Josette Skelnick. I am here on behalf of William Krolik, who is the criminal defendant in this case. I understand that the Attorney General, who is representing Judge Dockery, did not file a brief, will not be arguing. But I would say with some fair degree of confidence that Judge Dockery's position in this matter is the same as Mr. Krolik's position, which is that the State is not entitled to a writ of mandamus against Judge Dockery. You argue that the defendant has the right to waive all or any part of the jury of 12. Does the judge have any discretion if a defendant elects to waive a jury of 12 and go to, say, 6 or 8 or 10? Does a judge have discretion to allow that? To allow a lesser number than 12? Actually, that has been our position all along. In the trial court... Can the judge say, no, I'm not going to allow you to waive it? Yes. Yes, that is our position. How many people can a defendant waive? Can he waive 10 and get a jury of 2 or a waive 11 and get a jury of 1? Well, you certainly, to comport with what the Federal Constitution recognizes as a jury trial, you would have to have 6 because you can't go... But your argument doesn't say that, does it? Is it just that you have the right to waive and you could waive any number? Well, it certainly is left to the discretion of the trial court. The trial court could – I mean, it could be a situation, for example, where Judge Dockery could say, I'm not going to let you reduce the number of jurors to 6 because of the situation, such as, for example, presented in People v. La Fond, where if a juror becomes unable to serve after the jurors have retired to deliberate, you have a constitutionally deficient number of jurors so that you couldn't proceed to a verdict. So there is some play within that amount and it's left to the discretion of the judge. In fact, I find it's very interesting in this case that in the trial court, in this case, the state's attorney never, never at any point gave any reason for its objection to the judge allowing the defense to proceed with less than 12 jurors. And if it's left to the discretion of the judge, the judge in this case exercises discretion and said that I'm allowing this because it's a timely request, it was made pretrial and there's no prejudice to the state. The state never responded to that. Significantly, I think, too, the state has not responded to the problem of – its position, actually, in this case, and in every case I guess where the defendant is seeking less than 12 jurors, its position is that not only does the state have the right to control the manner in which the defendant exercises his constitutional right to a jury, but also that the state has the right to control the manner in which the judge exercises his discretion. So that if, for example, a judge, as Justice Freeman alluded to earlier, a judge says, I think in this circumstance, this is a case where I think it's appropriate to go with six jurors, it's cost efficient, it costs the county less, it'll take less time, and I don't see any prejudice to the state from this – Would the Judge Sui Sponte have the discretion to give a lesser number of jurors in a case? You mean over the defendant's objection? No, without any statement at all, just to announce there will be a jury of eight in this case. No. No, the judge would not. The discretion is limited to granting or denying the request of a defendant. Correct. Certainly the state has no unilateral right to a jury less than 12, do they? No, not at all, because I – and actually, I'm still – I do have a series of questions. Yes, sure. The strongest argument that I've heard to support your position is that it is a corollary to that rule of law that says the defendant has an unbridled right to waive a jury altogether, and it's part of that. If we look at the cases that – the case that decided that, it's because of the historic perspective of the waiver of jury by a defendant in the state of Illinois. Isn't that right? Correct. Is there any independent historical evidence that suggests that the defendant has a right to a jury of less than 12? I mean, I understand the argument that ties them together, but do we have any series of cases that – or rulings or whatever that show a similar historical right in a defendant in this case to waive a partial jury? To insist on less than 12 in our state? Yes. Right. Well, I would say, and specifically in the instance of a jury that has gone through a trial and there's been – they've retired for deliberation, which is the People v. La Fond situation, say there are no alternates available, one juror becomes unable to serve. I think in that case – It's really not – I'm looking for a similar historical background for this point of law that we found in the waiver of a jury altogether. Treating them as two different things. One is a waiver of a jury, one is a partial waiver. Right. There is no such historical background in the area of partial waiver. For less than 12. No, on the other hand, the U.S. Supreme Court has stated that a jury under the federal Constitution can consist of no less than 6 and there can be any number between that and 12 to constitute a jury. But there's no question that even in this case, if there was an agreement between the parties and the judge approved that agreement, a jury of 6 or more would be acceptable. Correct. Right? So that's not at issue before us. No. What's at issue is whether the defendant has a right independent of the state's partial waiver of a number of jurors. He has a right to request it. Right. Yes. In fact, People v. Earns switched the state. So it's not the same because there's no request to waive a jury. It's if he waives a jury, he waives a jury. Correct. So the two principles differ in that area as well. Well, actually in one of the cases that was cited in the respondent's brief, People v. Earns waived 12 jurors as essentially the same analysis as whether the defendant could waive a jury altogether. And that was, I think I mentioned People v. Burries. But the other thing is in People v. Earns, I mean, the state is saying that that case addresses it and rules against the defense. Actually, in People v. Earns, what the defendant was claiming in that case was that he had an absolute right to a lesser number of jurors and that the judge had no say over that if he chose to go with less than 12. The state had objected in the case, but the appellate court did not say in holding that the trial judge properly denied the less than 12. The court did not say the trial judge was correct in denying the defendant's request because the prosecution objected. The court said the court acted properly because the defendant does not have an absolute right to go with less than 12 jurors. So Earns does not address the issue that the state says it addresses. Mr. Skelnick, you were indicating that Mr. Burkett and the state have not spent a lot of time talking about whether or not the judge abused his discretion, that the state's attorney didn't give any reason for not going along with a jury of six. But that's really not what's before us, right? And that's why maybe Earns does the opposite. The state's position is there is no discretion unless there is agreement by the state. Well, that is the state's position, and I don't believe there's any case that the state has cited that says so. Scuderi, which the state is also relying on, I think it's important to note that in Scuderi at the time, and I discussed that in my brief, but at the time Scuderi was decided, the government had a right to a jury trial. So if the government and the defense both have a right to 12 jurors, then certainly the state has to have a say in whether or not the number can be reduced. How do you address, in fact, you just mentioned that the U.S. Supreme Court allows a jury of six, and I believe that Mr. Burkett cited the Federal Rule of Civil Procedure that said agreement is necessary. Because in federal court, the issue is in federal court, the federal constitutional right to a jury is different than the state constitutional right to a jury. And this court decided 20 years ago in People X for All Daily Rejoice that the government does not have a right to a jury trial in Illinois. In federal law, the government can prevent a waiver. There's no right to a jury trial or to waive a jury trial in federal court. So of course the government has a say then if the defense wishes to waive a jury or to proceed with less than 12, because there is no federal constitutional right to a bench trial by the criminal defendant. The federal constitution references not only the accused's right to a jury trial, but the right of the people to a jury trial. Our state constitution references that right only with respect to the defendant, which is how this court came to its conclusion in People X for All Daily Rejoice that the state has no right to a jury trial and has no right to force a jury trial upon the defendant. Your argument makes no distinction between felony and misdemeanor, does it? Correct. What is the charge here? It was an attempt home invasion and attempt armed robbery. Again, I think the serious problem with the state's argument is it still has not answered how its position is consistent with the double jeopardy protections that are accorded to a defendant. And again, take the situation in People v. La Fond. In that case, the jury retired, one of the jurors became unable to serve. The defendant in that particular case decided he would not waive his right to a 12-person jury, so in that instance the judge had no other alternative but to declare a mistrial because the defendant wouldn't proceed with less than 12 jurors. But the opposite side of the coin, the state is saying that if the defendant were willing to waive his right to go with 12 jurors and proceed to a verdict with less than 12 jurors, that the state could prevent that from happening and insist that the defendant go through a new trial because the state is not willing to proceed to a verdict with less than 12 jurors. And part of the, a big part of the double jeopardy protections afforded to a defendant is the right to proceed to a verdict after one trial with the jury that's been selected. So I can't understand how the state in that kind of instance can't assert that it has a right to prevent the defendant's waiver of 12 jurors and force the defendant to go through a new trial. What the state is asking again in this case, and in fact cited in its reply brief and cited here this morning at argument, citing the Federal Rule of Criminal Procedure, it seems that the state is asking that this court adopt federal rules and practice. And as the briefs have made clear and as Mr. Bickett doesn't dispute, there's a difference between the federal constitutional right to a jury and the state constitutional right to a jury. The state doesn't have a jury trial right in Illinois in criminal cases. A federal jury is satisfied by six persons. What I think 115.4b does is codify the defendant's constitutional right to a jury. So a defendant in any particular case can insist on a 12-person jury. And the state can't force him to go below that number. The court can't force him to go below that number. And that's what happened in People v. LaFont. We're not asking in this case that a defendant be granted his request in every instance. There are instances where the judge, in the exercise of his discretion, could make a decision that a 12-person jury is more appropriate. The judge could look at the factors the judge looked at in this case, the timing of the request, whether there's any prejudice to the state, the nature of the charges against the defendant, the nature of the penalties.  And that's a highly publicized case, a highly notorious case. The U.S. Supreme Court in its case has recognized that a 12-person jury might be preferable in instances where it's a highly publicized or notorious case or a serious instance where the 12-person jury is more free from any possibility of outside influence or intimidation. But these are all factors that go into the trial judge's discretion as to whether or not to grant the defendant's request. In this case, Mr. Krolik asked permission from Judge Dockery. The judge considered the request, granted the request, exercised his discretion in doing so. And, in fact, I believe in the trial court, the assistant state's attorney, in response to a question, Justice Thomas, you had asked earlier, the assistant state's attorney in this case agreed that even if the state agreed  to grant the defendant's request, the state would have discretion of the trial judge as to whether to grant that request or not to go below the constitutional guarantee of 12 jurors. So even the state in this case has acknowledged that there is discretion in the trial judge, even in instances where the state's agreeing. And in this particular case, the state has not really articulated on what grounds it is being prejudiced by the judge's exercise of its discretion. The state doesn't have any right to a mandamus action where the judge is exercising his discretion. And we would ask that Your Honors deny the request for a writ of mandamus against Judge Dockery. If there are no other questions, thank you. The respondent's argument, again, provides no support for the position that they've taken here. Counsel stated that the state's attorney never gave any reason. Clearly, the reasons are lengthy. They're in the record. We filed a written objection.  There's a lengthy argument, both in the AM, before Judge Dockery even read the Ernst opinion, and then an afternoon session. There's a lengthy record. So we did state the reasons for our objections. And we went through the history of the right and why the court has no discretion to grant a request for a jury of less than 12 jurors. Counsel, is any part of your argument an argument that there was an abuse of discretion here, an argument that we should have discretion? Or that you wouldn't insist that there wasn't some legitimacy to the claim of the defendant that he has? No, Your Honor. Do I have to waive down to six? No. The judge had no discretion, zero discretion, to enter that order. The people, counsel suggested that the people were just, were bystanders. We don't really have a say that the composition of the jury is up to the defendant. It's not his choice with the concurrence or, quote, unquote, the discretion of the trial court. Trial judges don't know what the facts of the cases are unless there's been lengthy arguments or pretrial motions, motions in limine. In this case, Judge Dockery doesn't know what the facts of the case are. This court doesn't know what the facts of the case are. You know from the record the defendant was charged with two very serious offenses, attempt home invasion and attempt armed robbery, and that he was on parole for murder. That's what you know from the record. You don't know anything about the facts. You don't know what issues might arise. You don't know what the reasons why the defendant may want a jury of six as opposed to 12 are the reasons why the state objects. We object because the law says it's 12. It shall be 12 unless the state agrees and the court concurs. That's the law. In every district, there's no dispute, zero, not one district opinion. This is the uniform law in the state of Illinois. It's every district. In all the cases that the defendant cited in their brief regarding the issue of waiver, those issues were raised on appeal because the defendant, either through his attorney or through the court in a discussion with the court, waived a jury of less than 12 and then raised the issue on appeal and said that his right to a jury of 12 was deprived by the trial court by allowing a jury of less than 12. That's the reason why we object. The interest of justice, the interest of the people of the state of Illinois to have a say. And with all due respect to counsel, Judge Dockery never articulated any rationale, any factors for why he was making the order. My assistant state attorney, Michael Paul, asked the question after the judge already ruled, well, what are the factors you're relying upon? And the judge tossed in that there's no prejudice to the state and I have the rationale for this court to look and say we're going to find that now it's a discretionary act that the trial judge can engage in. All of these cases create problems because we don't have juries of 12. The people objected. We filed a written objection. People, X role, daily versus choice does not in any way support the respondent's position. In fact, it supports the people's position because at the time, this court decided people, X role, daily versus choice. The rule in Scuderi was the law. It is the law. It has always been the law for more than 100 years. The people of the state of Illinois have a say in whether or not there shall be a jury of less than 12. Just like other rights where the people have a say, the right to confront. The defendant can't just force the state to enter into a stipulation. The defendant chooses to testify, can waive his right to remain silent, but then he has to subject himself to cross-examination. So there are all the other rights. And this is all set out in our brief. The defendant's or respondent's arguments include much speculation about double jeopardy issues. Again, this court knows what happened in Lafon. The defendant refused to agree. And a declaration of mistrial was a manifest necessity. Double jeopardy is not involved here. And the mere prospect that further issues might be raised does not disentitle the people to relief. I asked this court, review all the cases, how many times in the last 150, 170 years has the issue that they speculate arisen? I can tell you how many times. Zero times. Never. They want this court to overrule a longstanding precedent based upon pure and utter speculation. And the mere prospect of some future problem is not a reason to disentitle the people in the state of Illinois to relief here. Mr. Burkett, could you address counsel's argument with respect to the differences raised between the federal and the state system? There's no question that under the federal constitution, the state as a matter of law has a right to say whether or not he or the federal government will agree to a jury trial. We do not have that in Illinois. People Actual Daily v. Joyce makes that clear. Because at the time of the 1970 constitution, and looking back at our past constitutions, as the court said we must do in determining what the right of the trial by jury is heretofore enjoyed means, it means that the defendant can waive a jury trial and opt for a bench trial. Just as Ernst said, it does not mean that the defendant can waive a jury of 12 and have a jury of 6 or 7 or some other number. It means he can have a jury of 12 or waive. So that's the difference. And also under the federal constitution, under the United States Supreme Court decision in Williams v. Florida, a jury of 6 can pass constitutional muster under the federal constitution. In Illinois, it's a jury of 12. Those are the differences, Your Honor. The respondent tries to distinguish. Let me just follow up. And it's your position then that those differences don't change your argument that there still needs to be agreement? Not at all. In fact, all of these cases demonstrate that the agreement is placed on the record. Typically what occurs is there's a problem, and usually it's a problem after the intent to select a jury of 12 and have a jury of 12 hear the case, and then there's a problem at the end. You lose a juror or two because of a problem, and the court will enter the agreement on the record and concur with the agreement. In fact, that's every single one of these cases. That's what's occurred with the exception, I believe, of Matthews, where the case was reversed, I believe it was Matthews, where the case was reversed because it was not clear from the record that the defendant understood his right to a jury of 12. There was some discussion in chambers, and there's a strong dissent in that opinion as well from the court, from a justice who felt that the waiver was sufficient. But, again, Ernst is right on point. It could not be any clearer.  Now, the defendant can dance around it, but by saying that the court has discretion to grant the defendant's request is the same thing as saying that the defendant is dictating the number of jurors. It's the same thing. The court has no such discretion, and Ernst answers that question. They did not say the court has discretion. Discretion is nowhere found in the opinion. Nowhere in the opinion is the word discretion used in describing what took place in the trial court. Again, with respect to all of the arguments, there is no case law, no authority, none anywhere. It is our position that the Constitution of the State of Illinois and our statutory structure requires a jury of 12 unless the state agrees and the court concurs. That is the law, and it should remain so. The court has no discretion, and we would respectfully ask this court to issue the writ of mandamus commanding Judge Daugherty to vacate his order, allowing a jury of six and impanel a properly selected jury of 12. Thank you. Thank you, counsel. Case number 107555, people of the State of Illinois, Exeralt Joseph E. Burkett.